Lakesha BELL–WILSON,
Plaintiff–Appellant

v.

Judge William SKINNER, et al.,
Defendants–Appellees.

No. 11–60375
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 12, 2012.

Charles Earnest Miller, Attorney Advisor, Miller & Miller, McComb, MS, for Plaintiff–Appellant.

Latoya Cheree Merritt, Gregory Todd Butler, Esq., Phelps Dunbar, L.L.P., Jackson, MS, for Defendants–Appellees.

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM: *

The plaintiff brought this appeal challenging the district court's denial of her motion for reconsideration of its order granting summary judgment in favor of the defendants and dismissing her claims with prejudice.

The district court granted the defendants' motion for summary judgment and dismissed the plaintiff's complaint on March 3, 2011. The plaintiff filed a motion for reconsideration on March 29, 2011. Because the motion for reconsideration was not filed within ten days of the grant of summary judgment, it did not serve to suspend the time for appealing that judgment. See Bass v. U.S. Dept. of Agriculture, 211 F.3d 959, 962 (5th Cir.2000) ("A motion for reconsideration filed within ten days of the district court's judgment . . . suspends the time for filing an appeal from the underlying judgment.").

The district court denied the plaintiff's motion for reconsideration on April 28, 2011. The plaintiff filed her notice of appeal to challenge that ruling on May 31, 2011. Under the Federal Rules of Appellate Procedure, a notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. Fed. R.App. P. 4(a)(1)(A). Because the plaintiff filed her notice of appeal on May 31, 2011, more than thirty days after the entry of the district court's April 28 order, we do not have jurisdiction to consider the appeal.

The appeal is therefore DISMISSED for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.